UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ITC Infotech (USA), Inc.,

                Plaintiff,

  -against-

Team Industrial Services, Inc.,

                Defendants.

Case No. 1:25-cv-02634-DLC

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

---

      Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this action—namely, ITC Infotech (USA), Inc. and Team Industrial Services, Inc. (each a "Party" and collectively, the "Parties")—respectfully request that the Court issue a protective order to protect the confidentiality of nonpublic and competitively sensitive information that may need to be disclosed in connection with discovery in this case, and to guard against the waiver of attorney-client privilege and work product protection pursuant to Federal Rule of Evidence 502(d). This Order shall apply to all documents, responses to interrogatories and requests for admission, deposition transcripts, any deposition transcript exhibits, and any other information, documents, objects, or things which have been or will be produced, disclosed, or received by any Party or other third party during pretrial proceedings in this action. The Parties agree that a protective order concerning such information is necessary to protect the confidentiality and integrity of the information, and to prevent injury (including without limitation, financial and competitive injury) that the producing person or the person who is the subject of the information might incur from public disclosure.

The Parties having agreed to the following terms, and the Court having found that good cause exists for issuance of an appropriately tailored Protective and Rule 502(d) Order governing documents produced in this action, it is therefore hereby ORDERED:

1.  This Order is being entered to facilitate the production, exchange and discovery of documents (including data and electronic communications) and information in the above-captioned proceeding that the Parties agree merit confidential treatment.

2.  As used herein:

(a) "Action" shall mean the above-captioned civil action, *ITC Infotech (USA), Inc. v. Team Industrial Services, Inc.*, Case No. 1:25-cv-02634-DLC.

(b) "Confidential" or "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as Confidential, if such Documents or Testimony, in the good faith belief of the Producing Party and its attorney designating the material as confidential, contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of both the Producing Party and its attorney designating the material as confidential, be detrimental to the conduct of that Party's business or the business of any of that Producing Party's customers or clients.

(c) "Documents" as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, electronic, or graphic material, however produced or reproduced, including but not limited to all written or printed matter, computer data, graphic or manual records or representations, and electronic, mechanical, or electric records or representations of any kind.

(d)     "Producing Party" shall mean any Party or nonparties producing Confidential Information or any Party or nonparties asserting the confidentiality privilege, as the case may be.

(e)     "Receiving Party" shall mean the Party receiving Confidential Information.

(f)     "Testimony" shall mean testimony at a deposition in this Action.

3.     Any Producing Party may designate Documents or Testimony in connection with this Action as Confidential, either by a notation of "Confidential" on the document, or the relevant portion thereof; a statement on the record of the deposition; written advice to the respective undersigned counsel for the Parties hereto; or by other appropriate means agreed to by the Parties' respective counsel.

(a)     The Parties agree that each Party (and any nonparty) will have up to thirty (30) days following receipt of any final deposition transcript in which to designate the transcript (or any portion thereof) as Confidential.

(b)     If a Producing Party designates a Document as Confidential, then all copies of that Document as well as Documents that include that Confidential Information (e.g., an email thread), regardless of the Producing Party who produced the Documents, shall be deemed Confidential.

4.     The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur with (a) the Producing Party's designation of a Document or other material as Confidential, or (b) the Producing Party's failure to designate a Document as Confidential, and request that the Producing Party reclassify such Document or other material. If the Producing Party refuses to reclassify the Document or material in question, the Receiving Party may seek resolution by the Court, pending which the documents or materials shall continue to be treated as Confidential Information.

5.  Nothing in this Order constitutes an admission by any Party that Confidential Information disclosed in this Action is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

6.  Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a)  personnel of the Parties engaged in assisting in the prosecution or defense of this Action and who have been advised of their obligations hereunder;

(b)  counsel for the Parties to this Action and their associated attorneys, paralegals and other professional personnel (including support staff);

(c)  expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this Action or to give Testimony in this Action; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

(d)  the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

(e)  an officer before whom a deposition or hearing testimony is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f)  hearing and deposition witnesses; and

(g)  any other person agreed to by the Parties in writing.

7.  Confidential Information shall be utilized by the Parties and their respective counsel only for purposes of this Action and for no other purposes.

8.  Before any disclosure of Confidential Information is made to an expert witness or

consultant pursuant to paragraph 6(c) hereof, the Party seeking to provide the expert witness or consultant with Confidential Information shall obtain the expert's written agreement, in the form of Exhibit A, in advance of providing such Confidential Information to the expert witness or consultant. The Parties shall retain copies of all executed written agreements that they are required to provide and obtain.

9. This Order shall not preclude counsel for the Parties from using any Documents, Testimony or other information which has been designated as Confidential Information under the terms hereof during any Testimony.

10. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

11. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "Confidential" nature may be so designated by the Producing Party by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation. If the Receiving Party disagrees with the designation as "Confidential" then the Parties shall follow the procedures set forth in paragraph 4 herein. If such information is inadvertently produced and is later designated as "Confidential" then the terms of this Order shall apply to the future confidential treatment of the document or information.

12. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Order.

13. The production or disclosure of Confidential Information shall in no way constitute a waiver of any Producing Party's right to object to the production or disclosure of other information in this Action or in any other action.

14. This Order is entered into without prejudice to the right of any Party to seek relief from, or modification of, this Order.

15. Any Personally Identifying Information (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure.

16. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

17. Pursuant to Federal Rule of Evidence 502, the inadvertent production of privileged or work product protected documents or communications, electronically stored information ("ESI") or other information shall not constitute a waiver of the privilege or protection from discovery in this Action or in any other legal proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

18. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court (or utilized during any hearing or trial in this Action) under seal. The Parties shall follow the Court's procedures for requests for filing under seal.

19. At the conclusion of the Action, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

20. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

21. This Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility or other rules requiring the retention of client information and files. Nothing in this Order shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

22. The Parties acknowledge and agree that the terms of this Order shall apply with equal force to discovery sought or obtained from any nonparty. To the extent either Party seeks such discovery from a nonparty, be it Documents or Testimony, the Party seeking such discovery agrees to provide the nonparty with a copy of this Order.

*[Remainder of page intentionally left blank]*

So ordered.

*[signature]*
8/15/25

**SO STIPULATED AND AGREED.**

Dated: New York, New York
August 14, 2025

ZEISLER PLLC

By: *[signature]*
Brian A. Burns
45 Rockefeller Plaza, 20th Floor
New York, New York 10111
Tel: (212) 671-1921
brian@zeisler-law.com

*Attorneys for Plaintiff ITC Infotech (USA), Inc.*

FOLEY & LARDNER LLP

By: *[signature]*
Christopher J. McNamara
90 Park Avenue
New York, New York 10016
Tel: (212) 682-7474
christopher.mcnamara@foley.com

*Attorneys for Defendant Team Industrial Services, Inc.*

**SO ORDERED.**

_____
DENISE L. COTE
United States District Judge

8

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ITC Infotech (USA), Inc.,<br>　　　　　　　Plaintiff,<br>　-against-<br>Team Industrial Services, Inc.,<br>　　　　　　　Defendants. | Case No. 1:25-cv-02634-DLC<br><br>**AGREEMENT WITH RESPECT TO**<br>**CONFIDENTIAL INFORMATION** |

　　　I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Order.

6. I will comply with all of the provisions of the Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any Confidential Information, as that phrase is defined in the Order, that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Order in this action.

Dated:_____

_____          _____
Name (printed)                                          Signature